# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TEONA MARTIN, | : | |
| Petitioner, | : | Case No. 3:11cv00215 |
| | | Case No. 3:09cr00142 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Sharon L. Ovington |
| Respondent. | : | |

## REPORT and RECOMMENDATIONS[1]

This matter is before the Court on *pro se* Petitioner Teona Martin's motion

pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Case # 3:09cr00142,

Doc. #34);[2] Respondent's opposing memorandum (Doc. #36); Petitioner's Response

(Doc. # 37); and the record as a whole.

In her motion Petitioner sets forth the following grounds for relief (without

correction):

**Ground One**:  A change in case law; recent developments in law.

**Supporting Facts**:  Attached Memorandum referencing current case law
i.e., *Skilling* and *Black.*

---

[1]  Attached hereto is NOTICE to the parties regarding objections to this Report and
Recommendations.

[2]  All further docket references will be to the docket number assigned in the
<u>criminal</u> case.

**Ground Two**:  Improper pressure on defendant to plead guilty by counsel.

**Supporting Facts**:  Appointed counsel stated that if I did not take the plea agreement I was going to get 20 years. For me to not play with the government by insulting them. This led to improper pressure to plead guilty out of fear.

(Doc. # 34 at PAGEID # 88).

## I.  PROCEDURAL HISTORY

On September 11, 2009, Petitioner was charged by way of Information with one count of mail fraud in violation of Title 18 U.S.C. §1341 and one count of aggravated identity theft in violation of Title 18 U.S.C. §1028A. (Doc. # 19). On January 28, 2010, Martin entered pleas of guilty on both counts. (Doc. # 21, Plea Agreement; Doc. # 23, Minute Entry). On May 27, 2010, the Court sentenced Martin to terms of imprisonment of five (5) months on the mail fraud conviction and nineteen (19) months on the aggravated identity theft conviction – both sentences to be served consecutively. (Doc. # 31). Final judgment was entered on June 1, 2010. (Doc. # 32).  Martin did not appeal.

## II.  APPLICABLE LAW

### A.  <u>28 U.S.C. § 2255</u>

A federal prisoner who claims that his sentence was imposed in violation of the Constitution or laws of the United States or "is otherwise subject to collateral attack" may move the sentencing court to vacate, set aside or correct his sentence.  28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence

on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). To obtain relief under § 2255, a defendant must establish: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

### B.      Procedural Default

Claims not first raised on direct appeal generally "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousley v. United States*,  523 U.S. 614, 621-22 (1998)).  Although the "procedural-default rule" is not a statutory or constitutional requirement, "it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro*, 538 U.S. at 504.

The Supreme Court nonetheless has found "that requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote these objectives." *Id.*  As a result, the Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*; *see also United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) ("as a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the

3

merits of the allegations") (quoting *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002)); *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). Accordingly, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro*, 538 U.S. at 504. Federal prisoners who wish to pursue claims for ineffective assistance of counsel thus usually "should do so by way of a collateral proceeding pursuant to 28 U.S.C. § 2255." *Sanders*, 404 F.3d at 986.

## III.    ANALYSIS

Martin maintains that the decisions in *Skilling v. United States*, __U.S.__, 130 S. Ct. 2896 (2010) and *Black v. United States*, __U.S.__, 130 S.Ct. 2963 (2010) mandate her immediate release from incarceration because she was not involved in any bribes or kickbacks. (Doc. # 34 at PAGEID # 92-95). However, as Respondent notes, Petitioner did not enter a plea of guilty to honest services fraud in violation of Title 18 U.S.C. § 1346, but rather she pleaded guilty to mail fraud in violation of Title 18 U.S.C. § 1341. (Doc. # 36 at PAGEID # 102). Thus, the *Skilling* decision is inapplicable to her case.

In *United States v. Jones*, 408 Fed. Appx. 949, 2011 U.S. App. LEXIS 2269 (6th Cir.), the Court explained that in *Skilling*, the Court construed "honest services" mail fraud to cover only schemes depriving another of his honest services by participating in a bribery or kickback scheme. The Court stated:

> *Skilling* overruled one line of honest-services decisions but left intact other
> theories of fraud. On one side of the line, the Court prohibited prosecutions that

merely involve breaches of fiduciary duties but not bribes or kickbacks. 130 S. Ct. at 298, 2932. On the other side of the line, **the Court left undisturbed other types of prosecutions for fraud, including "money-or-property" mail fraud**, *id*. at 2934, in which a defendant "obtains[s] money or property by means of a false or fraudulent pretenses," 18 U.S.C. §1341.

*Jones*, 408 Fed. Appx. at 952 (emphasis added).

Petitioner's reliance on *Skilling* and its progeny is misplaced. Herein, Petitioner

plead guilty to wire fraud and aggravated identity theft based upon the following

statement of facts:

> Beginning in July 2008, and continuing through December 2008, in the Southern District of Ohio, TEONA MARTIN ("MARTIN") knowingly and with intent to defraud, devised, executed, and participated in a scheme to defraud DISH Network L.L.C. ("DISH") of services by means of materially false and fraudulent pretenses and representations. During and in relation to this scheme, MARTIN knowingly used, without lawful authority, a means of identification of another actual person identified as "L.S." for purposes of this plea.

> In July 2008, a representative from DISH contacted MARTIN via telephone at her residence in Dayton, Ohio and inquired if MARTIN would like to obtain satellite television services. MARTIN responded that she would and then identified herself as "L.S." to the DISH representative. MARTIN fraudulently applied for services from DISH in the name of "L.S." MARTIN falsely provided not only the name but also the social security number of "L.S." in order to complete the transaction over the phone and obtain services. "L.S." never authorized MARTIN to use either her name or social security number in this manner. Beginning in July 2008 and continuing for several months, MARTIN acquired satellite television services from DISH for a residence located at 3647 Hermosa Drive, Dayton, Ohio, which residence was not that of "L.S." At all times relevant, MARTIN knew that "L.S." actually existed.

> For the purpose of executing the above-described scheme, MARTIN knowingly caused to be delivered by mail, the billing statements for an account number ending in 7965, addressed to "L.S.", 3647 Hermosa Drive, Dayton, Ohio from DISH Network, Palatine, Illinois, to be sent and

delivered by the U.S. Postal Service.

(Doc. # 21, PAGEID # 54). Martin's plea agreement provided a factual basis for a money-or-property mail fraud conviction. As such, her first ground for relief lacks merit.

In her second ground for relief, Petitioner asserts that her guilty plea was not voluntary due to improper pressure by defense counsel to plead guilty. (Doc. # 34 at PAGEID # 88). As Respondent notes, this claim is procedurally defaulted because Petitioner did not raise it on direct appeal. (Doc. # 36 at PAGEID # 104-105).

To the extent that Petitioner's claim is one of ineffective assistance of counsel, which is cognizable in a § 2255 action, the claim lacks merit.

The "Assistance of Counsel" guaranteed by the Sixth Amendment presumes that a criminal defendant has "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (emphasis added) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To establish a claim of ineffective assistance of trial counsel, a criminal defendant must make a two-part showing:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see also O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir. 2007). To satisfy the prejudice prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

6

would have been different."  *Strickland*, 466 U.S. at 694.

Overall, the constitutional standard for adequate representation is "an objective standard of reasonableness" in line with "prevailing professional norms." *Strickland*, 466 U.S. at 687-88.  Counsel's performance also should be evaluated in light of the totality of the circumstances.  *See id.* at 690; *Mason v. Mitchell*, 320 F.3d 604, 618 (6th Cir. 2003).

The *Strickland* standard applies not only to counsel's performance during trial, but also in the context of representation provided during plea hearings, with the second prong focusing on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006).

The Constitution requires that a defendant's plea be made knowingly, intelligently, and voluntarily. *Bousley*, 523 U.S. at 618; *Brady v. United States*, 397 U.S. 742, 750 (1970). Ineffective assistance of counsel may prevent a defendant from entering a knowing and voluntary plea.  *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).  Where a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (citation omitted).

Petitioner asserts that her counsel improperly pressured her to plead guilty by

telling her that she could get twenty (20) years and that she should "not play with the government." (Doc. # 34 at PAGEID # 88). These unsupported allegations are not supported in the record. On the contrary, the plea agreement – which Petitioner signed and initialed – provides at paragraph 11:

> The defendant acknowledges that no threats have been made against her and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that she understands the nature of the offenses to which she is pleading guilty and the penalties provided by law and is completely satisfied with the representation and advice received from her counsel.

(Doc. # 21 at PAGEID # 52).

Petitioner also acknowledged in her plea agreement that the maximum penalty for Count One of the information was up to twenty (20) years. (Doc. # 21 at PAGEID # 47). Accurately advising a client as to the possible maximum sentence does not constitute ineffective assistance of counsel. Petitioner has not asserted that she would not have pleaded guilty and would have insisted on going to trial. Accordingly, Petitioner's second ground for relief is procedurally defaulted and lacks merit.

Because reasonable jurists would not disagree with the foregoing conclusions, Martin should be denied any certificate of appealability and leave to appeal *in forma pauperis*.

**IT THEREFORE IS RECOMMENDED THAT**:

1) Petitioner Teona Martin's motion to vacate, set aside or correct sentence (Case # 3:09cr00142, Doc. #34) be DENIED with prejudice and DISMISSED in its entirety;

2)      a certificate of appealability and leave to appeal *in forma pauperis* be denied; and

3)      This matter be TERMINATED on the docket of this Court.


January 12, 2012                     s/ Sharon L. Ovington
                                       Sharon L. Ovington
                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).